IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SHEILA WILLIAMS                                                                                       PLAINTIFF

vs.                                                    Civil No. 6:13-cv-06114

CAROLYN W. COLVIN                                                                                 DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Sheila Williams ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 8.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her disability applications on May 18, 2011.  (Tr. 14, 119-131).  In her applications, Plaintiff claims to be disabled due to the following: nerve damage in her right arm and anxiety.  (Tr. 146).  Plaintiff alleges an onset date of February 1, 2011.  (Tr. 14, 125).  These applications were denied initially and again upon reconsideration.  (Tr. 51-54).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __."  The transcript pages for this case are referenced by the designation "Tr."

Thereafter, on August 23, 2011, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 69-76). Plaintiff's administrative hearing was held on June 4, 2012 in Little Rock, Arkansas. (Tr. 28-50). Plaintiff was present at this hearing and was represented by Mr. Frantz[2]. *Id.* Plaintiff and Vocational Expert ("VE") Elizabeth Clem testified at this hearing. *Id.*

After this hearing, on June 27, 2012, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 11-22). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2015. (Tr. 16, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 1, 2011, her alleged onset date. (Tr. 16, Finding 2). The ALJ determined Plaintiff had the following severe impairments: psoriasis, distal peripheral neuropathy, history of hypertension, depression, and anxiety with a panic disorder. (Tr. 16, Finding 3). However, the ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16-18, Finding 4).

The ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 21, Finding 8). The ALJ determined Plaintiff was fifty (50) years old on her alleged disability onset date. (Tr. 21, Finding 7). This is defined as "an individual closely approaching advanced age" under 20 C.F.R. § 416.963(d) (2008) (SSI) and 20 C.F.R. § 404.1563(d) (2008) (DIB).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 18-21, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her

---

[2] Mr. Frantz's first name was not included in the transcript. (Tr. 28).

claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). She can lift and carry up to 20 pounds occasionally, 10 pounds frequently, and stand, sit or walk for six hours of an eight-hour workday. However, she should avoid ladders, ropes, scaffolds and exposure to hazards. She can perform unskilled work (work that can be learned in 30 days or less). Further, the work must not require more than occasional changes in the workplace setting.

*Id*.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 21, Finding 6). The ALJ determined Plaintiff's PRW included work as a bereavement counselor, caseworker for the developmentally delayed, personal care aide, and social service director. *Id.* Considering her RFC, the ALJ determined Plaintiff did not retain the capacity to perform any of this PRW. *Id.*

The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 21-22, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Considering her age, education, work experience, and RFC, the ALJ determined Plaintiff retained the capacity to perform the following representative occupations: (1) house cleaner (light, unskilled) with 4,500 such jobs in Arkansas and 500,000 such jobs in the nation; (2) cafeteria attendant (light, unskilled) with 1,900 such jobs in Arkansas and 400,000 such jobs in the nation; and (3) hand packer (light, unskilled) with 2,900 such jobs in Arkansas and 300,000 such jobs in the nation. (Tr. 22). In accordance with the VE's testimony, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from February 1, 2011 through the date of his decision or through June 27, 2012. (Tr. 22, Finding 11).

3

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 10). On September 10, 2013, the Appeals Council denied this request for review. (Tr. 3-6). Plaintiff then filed the present appeal on October 7, 2013. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 28, 2013. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 12-13. This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ erred in his evaluation of the Listings; (2) the ALJ erred in assessing her mental impairments; (3) the ALJ erred by concluding she obtained the RFC to perform light work; and (4) the ALJ erred in failing to present a "complete hypothetical to the vocational expert." ECF No. 12. Because the ALJ

improperly evaluated Plaintiff's subjective complaints, the Court will only address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*.  (Tr. 18-21). Indeed, reading this opinion carefully, the only "inconsistencies" the ALJ notes are that Plaintiff continues to smoke and drink.  (Tr. 20).  While such activity is certainly not encouraged, it does not demonstrate Plaintiff is exaggerating her subjective complaints of being disabled due to nerve damage in her right arm and anxiety as she alleges.  Because these "inconsistencies" are not valid reasons for discounting Plaintiff's subjective complaints, the ALJ truly only discounted Plaintiff's subjective complaints based upon the fact they were not supported by the objective medical records. This is prohibited by *Polaski*.  739 F.2d at 1322 (finding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]").

Further support for this finding–that the ALJ discounted Plaintiff's subjective complaints based upon the medical evidence alone–is included in the ALJ's opinion.  Notably, although he recited he had complied with *Polaski,* the ALJ then stated he discounted Plaintiff's subjective complaints based upon his finding that Plaintiff's "treatment notes in the record do not sustain the claimant's allegations of disabling limitations" and her "clinical and objective findings . . . [demonstrate] the claimant's impairments do not impose physical disabling limitations."  *Id.* Accordingly, because the ALJ did not comply with *Polaski*, this case must be reversed and remanded

for further consideration of Plaintiff's subjective complaints in accordance with *Polaski*.

**4.	Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[4]  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

	**ENTERED this 8th day of December 2014.**

	/s/  Barry A. Bryant
	HON. BARRY A. BRYANT
	U. S. MAGISTRATE JUDGE

---

[4] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*.  No part of this remand should be interpreted as an instruction that disability benefits be awarded.  Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.